IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALMA LETICIA GUERRERO-LOZANO, | ) | Case No. 1:26-cv-02666 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| R.S. HANLINE & COMPANY, INC., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiff Alma Leticia Guerrero-Lozano filed this action against R.S. Hanline & Company. She did not pay the $ 405.00 filing fee and instead filed an Application to Proceed *In Forma Pauperis* (Doc No. 2). In that form, she indicates that she has approximately $ 14,300.00 in payments from the Bureau of Workers Compensation and her spouse has $ 6,600.00 also in Worker's Compensation payments. She also states that she has $ 6,000.00 in a certificate of deposit but cannot take money out of the account at this time without incurring a penalty. She indicates that she is still on medical leave and while that money is guaranteed, she uses it to pay her bills and other expenses for her daughter. She prefers not to use it for payment of the filing fee.

In federal court, 28 U.S.C. §1915 governs *In Forma Pauperis* Applications. Under this statute, a Federal Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all

assets, income, debts and expenses that demonstrates that the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution, *Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 Fed. Appx. 239, 240 (6th Cir. 2001). Rather the determination is whether the litigant can pay the filing fee without undue hardship. *Id.*

The determination of what constitutes an "undue hardship" is left to the discretion of the Court. It requires more than a showing of some hardship. It is not available for a litigant who seeks waiver of fee simply because he or she would have to make adjustments in the monthly budget to pay the fee. *Behmlander v. Comm'r of Soc. Sec*., 2012 WL 5457466 at *2 (E.D. Mich. Oct. 16, 2012). A person is not a pauper just because he must "weigh the financial constraints posed by pursuing [his] Complaint against the merits of [his] claims." *Id.* On the other end of the spectrum, the Supreme Court has determined that litigants are not required "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute" in order to proceed as a pauper under 28 U.S.C. § 1915. *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339-40 (1948). Other Federal Court have determined that pauper status is available only to litigants who demonstrate in their Affidavit that the one-time payment of the Court's filing fee will render the Plaintiff unable to provide for herself and her dependents. *Maddox v. Foley*, No. 3:23-CV-48, 2023 WL 3852943, at *2 (S.D. Ohio May 10, 2023). *In forma pauperis* status is reserved for those Plaintiffs who would be required to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee. *Id.* at *1 (S.D. Ohio June 12, 2024); *Bush v. Ohio Dep't of Rehab. and Corr*., No. 2:05-cv-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). The Court takes very seriously a request to proceed with litigation at taxpayer expense. It is within the Court's discretion to allow a litigant to proceed

*in forma pauperis*. *Id*. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

In this case, Plaintiff has resources from which she could pay the filing fee. This is not a situation where she would have to choose between proceeding with her case in court or providing food, shelter or clothing for herself or her family. Rather, it is a case in which she must weigh the financial impact of paying the filing fee against the strength of the merits of her case. Her Application to Proceed *In Forma Pauperis* (Doc No. 2) is denied.

Furthermore, Plaintiff's Complaint is so deficient that it does not meet the minimum pleading requirements of Federal Civil Procedure Rule 8. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Here, Plaintiff utilized a court form for her Complaint but did complete it. She did not provide any factual allegations or give any indication of what causes of action she might be attempting to assert. Instead, she attached 42 pages of photocopies of documents, without any explanation of their relevance to her or any claims she might be attempting to raise. Many of these documents are in Spanish. Others concern individuals other than the Plaintiff.

The Court is not obligated to search through voluminous exhibits attached to a Complaint to attempt to piece together a factual basis for the Complaint and identify a claim under which Plaintiff can potentially recover. This is not the Court's role. It is Plaintiff's responsibility to provide the Court and the Defendant with a sufficient narrative of the facts

of her case and an indication of the causes of action that she intends to assert against the Defendants. She must do this within the body of the Complaint. She cannot attach numerous documents as exhibits and expect the Court to construct the Complaint for her. The Court's role is to adjudicate disputes, not assist in asserting them.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this action is dismissed without prejudice. Plaintiff may reopen this case within thirty (30) days of the date of this Order by doing all three of the following things. First she must pay the full filing fee of $ 405.00. Second, she must file a Motion to Reopen the case. Third, she must submit a proposed Amended Complaint which contains factual allegations and legal claims within the body of the pleading. The Complaint cannot exceed thirty (30) pages. If Plaintiff fails to complete any of these three tasks, this case will not be reopened and will remain dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 14, 2026

*s/Dan Aaron Polster*
United States District Judge